NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-1185

———————

UNITED STATES OF AMERICA

v.

JAMES HILL,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00347-002)
District Judge:  Honorable Michael M. Baylson

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2012

Before:  RENDELL, FISHER and CHAGARES, *Circuit Judges*.

(Filed: March 29, 2012)

———————

OPINION OF THE COURT

———————

FISHER, *Circuit Judge*.

James Hill appeals from a judgment of conviction and sentence in the U.S. District

Court for the Eastern District of Pennsylvania.  His counsel has filed a motion to

withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  For the reasons stated

below, we will grant counsel's motion to withdraw and affirm the judgment of conviction and sentence.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On June 4, 2008, James Hill ("Hill") and his brother, John Hill, were arrested for the June 26, 2007 armed robbery of Ten Styles for Men Shop in Philadelphia, Pennsylvania. On June 12, 2008, a grand jury returned a multi-count indictment, charging the Hill brothers with conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); interference with interstate commerce by robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 2); and using and carrying a firearm during a crime of violence, and aiding and abetting, in violation of 18 U.S.C §§ 924(c)(1) and 2 (Count Three).

On December 14, 2009, James Hill entered a plea of guilty to all charges pursuant to a plea agreement. His plea agreement waived his right "to appeal or collaterally attack [his] conviction, sentence or any other matter relating to [the] prosecution," subject to the following four exceptions: (1) Hill could file a direct appeal from his sentence if the government appealed from the sentence; (2) Hill could assert a claim that the "sentence on any count of conviction exceeds the statutory maximum for that count"; (3) Hill could

2

assert a claim that "the sentencing judge erroneously departed upwards under the U.S. Sentencing Guidelines"; or (4) Hill could assert a claim that the sentencing judge "imposed an unreasonable sentence above the final Sentencing Guidelines range." During the plea colloquy, the District Court reviewed these provisions with Hill, who indicated that he understood them. Hill also signed a form acknowledging his waiver of these rights.

The District Court determined that Hill's base offense level for a violation of 18 U.S.C. § 1951(a) under U.S.S.G. § 2B3.1 was 20. The District Court decreased the offense level by three for early acceptance of responsibility, under U.S.S.G. § 3E1.1(a) & (b), and increased the offense level by two for physically restraining the victims, under U.S.S.G. § 2B3.1(b)(4)(B), yielding an adjusted offense level of 19. Based on a prior guilty plea and a prior conviction, and because he had committed the robbery while on probation, the Court calculated his criminal history category as IV.

Hill's advisory Guidelines range for Counts One and Two (grouped together under U.S.S.G. §§ 3D1.2 & 3D1.3) was 46-57 months, which, with a mandatory consecutive sentence of 84 months pursuant to 18 U.S.C. § 924(c), resulted in an effective sentencing range of 130-141 months. A one-level downward departure for cooperation, pursuant to § 5K1.1, lowered the Guidelines range for Counts One and Two to 41-51 months, and the effective guidelines range to 125-135 months. The District Court imposed a within-Guidelines sentence of 46 months on Counts One and Two, and a mandatory consecutive

sentence of 84 months on Count Three, for a total term of 130 months. The District Court also sentenced Hill to a five-year term of supervised release, and imposed a fine of $2,500, restitution of $2,225, and a special assessment of $300.

We granted Hill permission to file a notice of appeal out of time because he was in custody and unable to communicate with counsel during the prescribed filing period. After notice was filed, his counsel filed a motion to withdraw and an *Anders* brief in support. Hill declined to file a pro se brief.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Counsel may file a motion to withdraw representation under *Anders v. California*, 386 U.S. 738 (1967), if, after reviewing the district court's record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (quoting 3d Cir. L.A.R. 109.2(a)). In evaluating counsel's *Anders* brief, we must be satisfied that counsel "has thoroughly scoured the record in search of appealable issues and . . . explain[ed] why the issues are frivolous." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (internal quotation marks and citation omitted). Our *Anders* inquiry is thus twofold: "(1) whether counsel adequately fulfilled the . . . requirements [of 3d Cir. L.A.R. 109.2(a)]; and (2) whether an independent review of the record presents any non-frivolous issues."

*Youla*, 241 F.3d at 300 (citation omitted). If "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the *Anders* brief itself." *Id.* at 301 (quotation marks and citation omitted).

We review the validity of appellate waivers de novo. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001). Although a valid waiver of appeal does not deprive us of subject matter jurisdiction over the defendant's claims, we will decline to exercise our jurisdiction if we find that the waiver was knowing and voluntary. *See United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008).

Additionally, we exercise plenary review over the District Court's interpretation of the Sentencing Guidelines, and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). We review sentences for both procedural and substantive reasonableness, applying an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

### III.

Counsel's *Anders* brief satisfies us that he has "scoured" the record for appealable issues, and we agree that there are no non-frivolous issues presented. First, Hill's appeal is limited by the appellate waiver provision in his plea agreement. Second, no exceptions to the waiver provision are implicated by the record.

A criminal defendant's waiver of the right to appeal is valid, so long as it is knowing and voluntary. *Khattak*, 273 F.3d at 558. In such a case, we will decline to

5

review the merits of an appeal unless the waiver exempts the claims presented on appeal, or if "the result would work a miscarriage of justice." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

Hill's waiver was indisputably knowing and voluntary, and the sentencing judge fully complied with Rule 11 of the Federal Rules of Criminal Procedure. *See Khattak*, 273 F.3d at 563. Prior to accepting Hill's plea, the District Court held a colloquy to discuss the provisions of the plea agreement. *See* Fed. R. Crim. P. 11(b). During this hearing, the District Court verified that Hill had in fact signed the plea agreement, that he had read and understood the provisions of the agreement, that he had conferred with his attorney about the agreement, and that his plea was free and voluntary. The Court reviewed in detail the rights that Hill was relinquishing by pleading guilty and confirmed that he understood these rights, including the waiver of the right to appeal. Hill was, by his own admission, aware of the appellate waiver. The record thus reveals that Hill's plea was knowing and voluntary.

Though a valid waiver will not preclude a defendant from appealing based on an exception to the waiver, *see Jackson*, 523 F.3d at 242, 244, none of the four exceptions to Hill's waiver have any meritorious basis for appeal. First, the government has not appealed from the sentence. Second, no sentence on any count exceeds the statutory maximum: Hill's sentence for Counts One and Two was 46 months, to be served concurrently, which did not exceed the statutory maximum of 20 years for either count

6

under 18 U.S.C. §§ 1951(a) and 2; and Hill's sentence for Count Three was 84 months, to be served consecutively, which did not exceed the statutory maximum of life under 18 U.S.C. § 924(c). Third, the District Court did not erroneously depart upwards. Rather, the District Court expressly indicated that it did not impose any upward departures in light of Hill's cooperation, for which it granted a one-level downward departure under U.S.S.G. § 5K1.1. And fourth, Hill did not receive "an unreasonable sentence above the final Sentencing Guidelines range." The District Court imposed a 130 month sentence, well within the advisory Guidelines range of 124-135 months. We can detect no procedural error in the District Court's calculations of Hill's offense level or criminal history category, and there is no suggestion or evidence that the District Court failed to consider the sentencing factors delineated under 18 U.S.C. § 3553(a), relied on erroneous facts, or failed to explain the sentence it chose. *See Tomko*, 562 F.3d at 567-68. Furthermore, we cannot say that "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided." *Id.* at 568.

Last, "we must . . . determine whether enforcing the waiver would work a miscarriage of justice." *Jackson*, 523 F.3d at 244. In *Khattak*, we adopted the First Circuit's approach in *United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001), delineating factors to consider when determining whether to vacate an otherwise valid appellate waiver: "[T]he clarity of the [alleged] error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the

error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Khattak*, 273 F.3d at 563 (quoting *Teeter*, 257 F.3d at 25-26). However, the miscarriage of justice exception is "applied sparingly and without undue generosity," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *Teeter*, 257 F.3d at 26), and does not apply to a run-of-the-mill sentencing appeal. *See Jackson*, 523 F.3d at 244. Hill cannot demonstrate a miscarriage of justice: his sentence of 130 months was within the Guidelines range calculated by the District Court, and we find no errors in the District Court's calculations. Therefore, we do not find it appropriate to vacate his waiver.

Hill's appeal lacks any basis in law or fact. Accordingly, we decline to exercise our jurisdiction over the appeal, and we agree with counsel that the record presents no issues of even arguable merit.

## IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence and grant counsel's motion to withdraw.